LULU ELLISON, APPELLEE, v. EDWIN ELLISON, APPELLANT.

FILED JULY 1, 1902. No. 12,090.

Commissioner's opinion, Department No. 2.

1. **Case Criticised:** CASE FOLLOWED. *Gleason v. Gleason,* 16 Nebr., 15, criticised. *Berdolt v. Berdolt,* 56 Nebr., 792, followed and approved.

2. **Divorce:** EXTREME CRUELTY: PHYSICAL VIOLENCE: MENTAL ANGUISH. Any unjustifiable conduct on the part of either the husband or wife, which so grievously wounds the mental feelings of the other, or so utterly destroys the peace of mind of the other, as to seriously impair the bodily health and endanger the life of the other, or such as utterly destroys the legitimate ends and objects of matrimony, constitutes "extreme cruelty" as defined in section 7, chapter 25, Compiled Statutes, although no physical or personal violence may be inflicted, or even threatened.

APPEAL from the district court for York county. Heard below before GOOD, J. *Affirmed.*

*George B. France* and *Arthur G. Wray,* for appellant.

*A. B. Taylor, contra.*

OLDHAM, C.

This was an action for divorce by plaintiff against the defendant on the ground of extreme cruelty. After the proper allegation of the marriage of the plaintiff and the defendant, the petition set out the following allegation with reference to the extreme cruelty on which the decree was asked: "That the defendant all through their married life and much more so in the past two years has called the plaintiff vile names, which so affected the plaintiff's health that she is now afflicted with heart disease and her nervous system is weakened. That the defendant at all times during the said married life and much more frequently in the past two years often called the plaintiff the following vile names [here follows a list of profane and obscene epithets alleged to have been applied by the defendant to the plaintiff, which it is not necessary to reproduce], all without cause or provocation on the part of the plaintiff. That owing to the said cruel treatment of the plaintiff by the defendant the plaintiff's health became injured, and at times she was sick. At which times when the defendant was leaving the house he would say: 'I wish to God you would be dead when I get back.' That owing to the said ill treatment and extreme cruelty, the plaintiff's health has become so impaired that she can not reside with the defendant without risking her life." Defendant answered this petition with a general denial and allegations of misconduct on the part of the plaintiff tending to show that she was an unfit person for the care and custody of the children born of the marriage, for which she prayed in her petition. Plaintiff had judgment for divorce and custody of the children, and alimony in the sum of $300

in the court below, and defendant appeals to this court. There is no serious complaint as to the amount of the alimony allowed by the trial court which, under the evidence, seemed to be very reasonable; and an inspection of the testimony as contained in the bill of exceptions shows that there was sufficient evidence of each of the allegations of the plaintiff's petition; so that the only question to be determined is whether or not the petition on its face discloses a good cause of action for 'vorce on the ground of extreme cruelty.

It will be noted that the petition does not allege any physical injury to the plaintiff on the part of the defendant, nor does it contain any specific allegation of mental suffering on the plaintiff's part; and it is strongly contended by defendant's counsel that the petition is insufficient for want of these specific allegations. It is further contended by defendant that the petition at most alleges "mere rudeness of language" toward the plaintiff, and that words in themselves will not constitute extreme cruelty, however reproachful they may be. Defendant cites in support of this contention the holding of this court in *Gleason v. Gleason*, 16 Nebr., 15, and *Powers v. Powers*, 20 Nebr., 529. In *Gleason v. Gleason, supra,* the court does lay down the general rule, in the syllabus of the opinion, that "mere rudeness of language, petulance of manners, austerity of temper, or even occasional sallies of passion, if they do not threaten personal violence, do not constitute legal cruelty." In the syllabus of this case the provisions of section 7, chapter 25, *supra,* were either overlooked or given too narrow and restricted a view; for this section of the statute provides for a divorce on the grounds of extreme cruelty, "whether practised by using personal violence, or by any other means." *Powers v. Powers, supra,* is in harmony with the views herein expressed, and does not sustain the contention advocated by appellant, and partially supported by a literal construction of the narrow, restricted rule laid down in the syllabus in *Gleason v. Gleason, supra.* We think that the correct rule as

to what constitutes "extreme cruelty" within the meaning of section 7, chapter 25, is laid down in *Carpenter v. Carpenter*, 30 Kan., 712, 744, 2 Pac. Rep., 122, in which it is said that "it was formerly thought that to constitute extreme cruelty, such as would authorize the granting of a divorce, physical violence is necessary; but the modern and better-considered cases have repudiated this doctrine as taking too low and sensual a view of the marriage relation, and it is now very generally held that any unjustifiable conduct on the part of either the husband or the wife, which so grievously wounds the mental feelings of the other, or so utterly destroys the peace of mind of the other, as to seriously impair the bodily health or endanger the life of the other, * * * or such as utterly destroys the legitimate ends and objects of matrimony, constitutes 'extreme cruelty' under the statutes, although no physical or personal violence may be inflicted, or even threatened." This rule is quoted with approval by this court in *Berdolt v. Berdolt*, 56 Nebr., 792.

We are therefore of the opinion that the plaintiff's petition does set forth a good cause of action for divorce on the ground of extreme cruelty, and we recommend that the judgment of the district court be affirmed.

Barnes and Pound, CC., concur.

By the Court: For the reasons set forth in the foregoing opinion, the judgment of the district court is

AFFIRMED.