MARY L. PREUIT, APPELLEE, V. WILLIAM M. PREUIT, AP-
PELLANT.

FILED DECEMBER 10, 1910. No. 16,212.

Divorce: EXTREME CRUELTY. Any unjustifiable conduct on the part of
either a husband or wife, which so grievously wounds the mental
feelings, or so utterly destroys the peace of mind, as to seriously
impair the bodily health and endanger the life or reason of the
other, or such as utterly destroys the legitimate ends and objects
of matrimony, constitutes "extreme cruelty" as defined in sec-
tion 7, ch. 25, Comp. St. 1909, although no physical or personal
violence may be inflicted, or even threatened.

APPEAL from the district court for York county:
BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*W. L. Kirkpatrick* and *A. B. Taylor,* for appellant.

*Power & Meeker, contra.*

FAWCETT, J.

From a decree of the district court for York county,
granting plaintiff a divorce and substantial alimony, de-
fendant appeals.

The petition alleges that the parties were married in
York county in 1878; that nine children were born to this
marriage, eight of whom are still living. "That along
about the year 1901, soon after the youngest child, Edward
Burton, was born, this defendant seemed to lose his affec-
tion for the plaintiff, and grew cold and indifferent toward
her, and would not make any response to her greetings,
and frequently during said year would not speak to her
when she addressed him, and avoided her society, and such
treatment by defendant of plaintiff grew worse and worse
until about and more than two years ago, when defendant
ceased to speak to plaintiff at all, and during the two
years last past has at all times and continuously refused
to speak to this plaintiff, has refused to make any re-

sponse to her when addressed by her, and has during the two years last past treated her with sullen silence and contempt, and has refused to show her any affection or consideration whatever, and has during said two years, and before their children, sought to and has grossly and wantonly humiliated this plaintiff by his sullen silence and contempt manifested toward her, and during said two years and more has neglected and refused to show any husband-like affection or consideration for her, and has never, for more than eight years last past, invited her to go out with him among the neighbors or to any place of entertainment or elsewhere, and has never during said eight years offered to take her anywhere or to any place of entertainment, and has never permitted her to share any social pleasures or entertainments with him whatever, and has never during the said eight years last past given her any pocket money or spending money to use on her own account, but has treated her like a menial, and defendant has during all said time in many other ways sought to and has greatly humiliated this plaintiff and wounded and crushed her feelings. That said conduct on defendant's part was without any cause or provocation on her part, and was wanton and wilful on the part of this defendant. That said conduct of defendant toward this plaintiff caused her to be greatly downhearted, grieved and distressed, prevented her from getting sleep, and kept her in a constant condition of mental and nervous agitation and distress, and occasioned several serious periods of sickness, at some of which times plaintiff did become afflicted with high fever and delirium and general nervous prostration, all caused by the cruel conduct and treatment of the defendant, as hereinbefore alleged, and said cruel treatment of this defendant toward plaintiff caused plaintiff to become, as she is on account thereof, broken in health and her nervous organism greatly impaired, and caused her to become a nervous wreck. On account of said cruel treatment of this plaintiff by defendant, it became and was unsafe for this plaintiff to longer live with defendant,

and she could not longer live with this defendant on account thereof without great and serious danger to her reason and her life, and this plaintiff on account thereof, and on account of the said cruel treatment of this defendant toward plaintiff, on the 17th day of August, 1908, left the home of herself and defendant, and went to the home of her son in York county, Nebraska, and ever since has been and still is living with her said son. That defendant, regardless of his duties as a husband, for and during more than eight years last past has been guilty of extreme cruelty toward the plaintiff, without any cause or provocation on her part, in the manner and form hereinbefore alleged." The petition then sets out the property owned by defendant, the names and ages of the eight children, and concludes with a prayer for divorce, together with a reasonable sum for alimony, and for the custody of the four minor children.

The answer admits the marriage, the ownership of the property described in plaintiff's petition, that plaintiff left defendant's home on August 17, and alleges that plaintiff left without any cause or provocation on the part of defendant, and that she remains away without any good reason therefor. The answer then proceeds at great length to charge plaintiff with substantially the same wrongs, both of omission and commission, charged against him in plaintiff's petition. In other words, the defense pleaded is that of recrimination, which defense defendant insists is recognized by our statute and is applicable to this case. The reply is a general denial.

The decree awarded plaintiff a divorce and $11,000 permanent alimony. The amount of the allowance is not questioned, the main contentions being: (a) That the petition does not state a cause of action for extreme cruelty; and (b) that the decree is not sustained by the evidence. The first point must be decided adversely to defendant, under the authority of *Berdolt v. Berdolt*, 56 Neb. 792, and *Ellison v. Ellison*, 65 Neb. 412.

We do not think it would serve any good purpose, either

to the parties to this unfortunate suit or to the public, to set out the evidence here. To do so in such a manner as to be of any service would require extending this opinion to an unwarranted length. We deem it sufficient to say that a careful examination of the evidence leads us to the same conclusion as that reached by the district court. We think plaintiff has sustained the allegations of her petition, and that defendant has failed to establish the counter charges contained in his answer.

*Ellison v. Ellison, supra,* when applied to the allegations of the petition and the facts in this case, is not in any manner limited or modified by *Whitney v. Whitney,* 78 Neb. 240.

The judgment of the district court is

AFFIRMED.