FANNIE HOPE FARIS, APPELLEE, v. ELMER E. FARIS, APPELLANT.

FILED NOVEMBER 26, 1921. No. 21841.

1. **Divorce: EXTREME CRUELTY.** "There may be extreme cruelty justifying a decree of divorce without physical injury or violence. Unjustifiable conduct on the part of husband or wife, which utterly destroys the legitimate ends and objects of matrimony, may constitute extreme cruelty." *Myers v. Myers*, 88 Neb. 656.

2. Evidence examined, and *held* sufficient to support the decree.

APPEAL from the district court for Jefferson county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*Hazlett, Jack & Laughlin,* for appellant.

*Hartigan & Fouts, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., FITZGERALD and WAKELEY, District Judges.

ALDRICH, J.

The district court for Jefferson county granted Fannie Hope Faris a divorce on the ground of extreme cruelty and allowed alimony in the sum of $3,000. Defendant appeals.

The parties to this action were united in marriage at Maryville, Missouri, on May 28, 1918. The appellant was a widower 57 years of age, with a family of 7 grown-up children. The appellee was a maiden lady of 42

years, a teacher in the public schools of Maryville, Missouri. She was a lady of culture and refinement. The appellant pursued a course of conduct calculated only to result in discord and dissatisfaction and to destroy the objects and purposes of matrimony, as appears of record.

It appears that defendant made a practice of writing long and scurrilous letters to their friends and relatives, the object and purpose of which was to discredit and make her ridiculous in their estimation. Another objectionable fault he had, and which is highly censurable, was the use of profane language in the presence of the plaintiff, as testified to by her. While it is true that he never used indecent or profane language toward the plaintiff personally, yet he often swore in her presence concerning things. This conduct is highly censurable and against every instinct of a gentleman. Another thing which defendant. was guilty of was indulging in morose, sarcastic, and morbid conduct toward the plaintiff. He would go several days without speaking to plaintiff or recognizing her presence. As if desiring to provoke trouble and cause a disturbance, the defendant stopped payment on two checks drawn by plaintiff at Maryville on a Fairbury bank.

The appellant had a notice published in a Fairbury paper which was issued March 4, and in a Maryville paper which was issued March 2, 1920. This greatly humiliated and lowered the estimate of himself on the part of the appellee to such an extent that appellant could not hope to live in the respect and estimation that he formerly had. The notice complained of is as follows:

"To Whom It May Concern—Fannie Hope Faris having on the 1st day of March, 1920, deserted me and left her home at Fairbury, Nebraska, without just cause or provocation; therefore I hereby notify all persons that I will not be responsible for any debts of any kind or character whatsoever hereafter contracted by her. Elmer Faris."

The plaintiff made a visit to relatives on the 1st day of March, 1920, and left the defendant well and in usually

good spirits. The note telling him of her intended visit follows:

"11 : 15 A. M.

"Dear Elmer: You said you'd be gone but a few minutes and we are ready to go and you can't be found. I wanted to talk to you about the care of that meat. It should be put where it will be dry and cooler. I wouldn't try and use much of that bread. Am sorry it wasn't better. You'll probably have to go to town soon anyway and can get some bread. You can write me at Corning. I'll be there a few days.

"If you are not well you can let me know.

"With love,

"Fannie."

Then, in view of what followed, the conduct of defendant becomes intolerable and unbearable. He had the notices published, stopped payment on checks drawn by plaintiff, and sought to destroy her credit. These notices of his were wholly groundless and not based on truth, and under the circumstances of this case are sufficient to establish the allegation of extreme cruelty.

In *Myers v. Myers*, 88 Neb. 656, this court laid down a rule, that prevails throughout this jurisdiction, which shall be sufficient, if the facts establish it, to constitute extreme cruelty. The rule is as follows:

"There may be extreme cruelty justifying a decree of divorce without physical injury or violence. Unjustifiable conduct on the part of the husband or wife, which utterly destroys the legitimate ends and objects of matrimony, may constitute extreme cruelty."

Estimated by the standard of this definition or rule of law, was the defendant guilty of extreme cruelty? Was he guilty of anything that would destroy the plaintiff's happiness or render a nullity the objects and purposes of matrimony?

In determining whether the circumstances show cruelty, modern courts take into consideration the intelligence, apparent refinement and delicacy of the complain-

Faris v. Faris.

ing party. *Fleming v. Fleming,* 95 Cal. 430, 29 Am. St. Rep. 124; *Marks v. Marks,* 56 Minn. 264, 45 Am. St. Rep. 466; *Mosher v. Mosher,* 16 N. Dak. 269, 125 Am. St. Rep. 654; *Reinhard v. Reinhard,* 96 Wis. 555, 65 Am. St. Rep. 66; *Kelly v. Kelly,* 18 Nev. 49, 51 Am. Rep. 733.

The extreme cruelty complained of in this case consists of annoying the plaintiff and pursuing a systematic course of ill treatment, such as depriving her of her credit, and notifying her friends and causing a great perturbance of mind by using profane language, and doing other things to cause grievous disturbance of mind and feelings, contrary to the happiness and well-being of the plaintiff—all this indicates extreme cruelty. This of itself makes the marital relation a failure, and under these circumstances it was impossible for plaintiff to live with defendant as his wife. It almost, if not quite, generally appears from the record that this conduct was intentional on the part of defendant. There is no question but what the plaintiff did her full duty toward the defendant in trying to get along. Now the question is: What acts of this defendant constitute extreme cruelty within the meaning of the statute? This cannot be defined with precision, but is a matter that must be determined according to the facts peculiar to this case, the court always keeping in view the intelligence, apparent refinement and delicacy of sentiment of the complaining party. This is the policy of law pursued by this court. It has been held as a rule by our court:

"Any unjustifiable conduct on the part of either a husband or wife, which so grievously wounds the mental feelings, or so utterly destroys the peace of mind, * * * or such as utterly destroys the legitimate ends and objects of matrimony, constitutes 'extreme cruelty,' * * * although no physical or personal violence may be inflicted, or even threatened." *Preuit v. Preuit,* 88 Neb. 124.

The evidence brings this case clearly within this rule and it should be followed in the instant case. It is in

line with many other decisions of this state. In short, the record shows that the relations make it impossible for them to live together as husband and wife; extreme cruelty is established; and in this case marriage is a failure. It is not necessary in order to establish extreme cruelty that it be joined with the concomitant force of violence or personal injury or fear. It is sufficient if it destroys personal happiness and peace of mind, and makes the marital relation impossible of consummation. Extreme cruelty and unusual conduct do not so much consist of doing some one particular thing to harass and annoy the plaintiff, but rather in doing many things; all taken together are calculated to destroy the marriage relations.

We note what the record shows concerning defendant's property, and in the matter of alimony the judgment for $3,000 was fair and reasonable. We believe from the record that the parties are incompatible, and affirm the decree.

AFFIRMED.