OMA M. BROWN, APPELLANT, V. GEORGE E. BROWN, APPELLEE.

22 N. W. 2d 148

FILED MARCH 8, 1946.    No. 32041.

*O. A. Drake*, for appellant.

*George A. Munro*, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is a suit for separate maintenance in which the defendant cross-petitioned for an absolute divorce. The trial court denied the prayer of plaintiff's petition and granted the defendant an absolute divorce. The plaintiff appeals.

The record shows that plaintiff and defendant were mar-

ried on September 11, 1941. Each had been previously married and had grown children. Each was approximately 60 years of age at the time of the marriage. They separated on or near November 3, 1944. They lived on a farm from the time they were married until the separation occurred.

In support of her petition for separate maintenance the plaintiff recites a long list of grievances which it is not necessary to discuss in detail in this opinion. In substance she says that defendant made trips without her, necessitating her being alone or staying with relatives. She complains that he refused to provide funds for her personal use and that she was obliged to use her own money for medical, hospital, and physicians' expenses. She testifies that defendant became angry when she was unable to collect certain money she had loaned out so that he could not use it in paying certain of his obligations. She testifies that he swore at her on several occasions and that he used physical violence upon her on at least one occasion. She testifies that she bought furniture and other household equipment for which she was obliged to pay with her own funds. She does not dispute that defendant furnished groceries and other necessities for the home. She contends that he was sullen and would not talk to her about his business affairs. She complains further that he did not visit her when she was ill and failed to write or advise her of his whereabouts on several occasions. This situation appears to have become progressively worse until she went to the farm on February 21, 1945, and removed all of her property from the home. There is little or no corroboration of most of the charges made.

The evidence of defendant is that plaintiff was ill a good share of the time that they lived together and that he paid numerous hospital, drug, and doctor bills of which he kept no record. He testifies that plaintiff had the privilege of checking on his bank account, although he admits that he had little or no money in the bank at times. He took her to her daughter's many times when she was ill and visited her as often as his farming and stock-raising operations would permit. He testifies that they had trouble over her killing

the neighbors' trespassing turkeys, that she refused to permit him to play the radio, that she attacked him with a butcher knife, that she frequently kicked him, and on three different occasions she locked him out of the house. Defendant claims that in the fall of 1944, the plaintiff told him that she was leaving him and agreed to settle for the amount received from the sale of the chickens, which amount in the sum of $114.40 was paid to her. Defendant testifies that he made three trips to Michigan during the time the parties lived together. He says he went to visit a son at the son's expense. He denies the assertions of the plaintiff that he told her he made these trips in search of a job. He charges that plaintiff let the air out of one of his automobile tires when he declined to take her to the county fair. He explains many of the acts which plaintiff alleges as cruelty in such a manner as to raise a direct conflict in the evidence. There is some corroborating evidence in the record, although most of his testimony remains uncorroborated and in direct conflict with plaintiff's testimony.

The plaintiff contends that she cannot be compelled to accept an absolute divorce when she does not request it and cites the case of Yost v. Yost, 143 Neb. 80, 8 N. W. 2d 686, in support of her contention. We think plaintiff misconstrues that opinion. It is there held that a party may not be required to accept an absolute divorce when she prayed for a divorce from bed and board only, where the other party is not entitled to affirmative relief. In the case at bar, the defendant was found to be entitled to an absolute divorce. The Yost case can give no comfort to the plaintiff if the cross-petition and supporting evidence show the defendant entitled to an absolute divorce.

"There may be extreme cruelty justifying a decree of divorce without physical injury or violence. Unjustifiable conduct on the part of husband or wife, which utterly destroys the legitimate ends and objects of matrimony, may constitute extreme cruelty." Faris v. Faris, 107 Neb. 214, 185 N. W. 347. It is evident from the record that the objects of matrimony have been wholly destroyed in the pres-

ent case. Both parties state that they cannot live together. The question is simply whether or not plaintiff should have a decree for separate maintenance or whether or not the defendant is entitled to an absolute divorce under the evidence before us. The evidence on the material issues was largely in irreconcilable conflict.

This court has held: "When the evidence on material questions of fact is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite." Dier v. Dier, 141 Neb. 685, 4 N. W. 2d 731. It is the duty of this court in its hearings of appeals in divorce actions to retry the issues upon the evidence preserved in the bill of exceptions. We have examined the evidence and find it in such hopeless conflict that the rule quoted from the Dier case is applicable. While the evidence in support of defendant's cross-petition for an absolute divorce has the very minimum of corroboration, it is sufficient to sustain the decree of the trial court. It is impossible to lay down a general rule as to the degree or amount of corroboration required in a divorce action, as each case must necessarily be decided upon its own facts and circumstances. Johnsen v. Johnsen, 144 Neb. 208, 12 N. W. 2d 837. After a consideration of the evidence in the light of the foregoing rules we are of the opinion that the plaintiff failed to establish her right to a decree of separate maintenance and that the evidence is sufficient to sustain the cross-petition of defendant asserting his right to an absolute divorce.

The judgment of the district court is in all respects affirmed.

AFFIRMED.