RALPH B. MEREDITH, APPELLANT, v. EDITH O. MEREDITH, APPELLEE.

29 N. W. 2d 643

Filed November 14, 1947.   No. 32283.

*Beatty, Clarke & Murphy,* for appellant.

*C. L. Baskins,* for appellee.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and KROGER, District Judge.

WENKE, J.

Appellant, Ralph B. Meredith, who was plaintiff below, appeals from the decree of the district court for Lincoln County awarding the appellee, Edith O. Meredith, who was defendant below, a divorce on her cross-petition. Appellant complains that the court's findings are contrary to the evidence and that the judgment entered is contrary to the evidence and the law.

The trial court found: "* * * that said plaintiff has wrongfully and without just cause, on numerous occasions charged the defendant with wrongful conduct and with committing adultery; * * *."

We have said in Sample v. Sample, 82 Neb. 37, 116 N. W. 953: "Unfounded and malicious accusations of infidelity, when made by the husband against the wife, have frequently been held to constitute such cruelty." And, "Whether accusations of infidelity made by one spouse against the other constitute extreme cruelty within the meaning of the statute must be determined by the facts of each particular case. In no case will they be given that effect unless they are shown to be either unfounded or malicious." See Oertle v. Oertle, 146 Neb. 746, 21 N. W. 2d 447.

We do not think the record sustains the court's findings. In fact, the record shows that she was actually guilty thereof.

The court further found: "* * * that the plaintiff has been guilty of extreme cruelty towards said defendant

and cross-petitioner; * * * that he became so jealous and suspicious of said cross-petitioner that it became impossible for said cross-petitioner, * * * to live with said plaintiff and that the acts and conduct of said plaintiff destroyed the marital relation existing between said parties."

We have said:   " 'Any unjustifiable conduct on the part of either the husband or wife, which so grievously wounds the mental feelings of the other, or so utterly destroys the peace of mind of the other, as to seriously impair the bodily health and endanger the life of the other, or such as utterly destroys the legitimate ends and objects of matrimony, constitutes "extreme cruelty" as defined in section 7, chapter 25, Compiled Statutes, although no physical or personal violence may be inflicted, or even threatened.'   Ellison v. Ellison, 65 Neb. 412, 91 N. W. 403."   Oertle v. Oertle, *supra*.

We do not think the record will sustain the finding made by the trial court.   In fact, if anyone was guilty of conduct that destroyed the legitimate ends and objects of matrimony it was the appellee.   Appellee should not have been granted a divorce and her cross-petition should have been dismissed.

Was the trial court right in denying the appellant a divorce and dismissing his petition?   This matter is here for trial de novo but, of course, where applicable, we apply the rule that:   " 'When the evidence on material questions of fact is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite.'   Dier v. Dier, 141 Neb. 685, 4 N. W. 2d 731."   Brown v. Brown, 146 Neb. 908, 22 N. W. 2d 148.

But here, as to the principal issue, there is no material conflict in the evidence except the appellee's denial thereof.   Without going into unnecessary detail, which would serve no useful purpose, it can be said that the

facts and circumstances established by the evidence, even including some statements made by the appellee, clearly show that appellee spent the night of August 3, 1946, with Fred H. Meredith, appellant's brother, in room 22 of the Platte Hotel at Gothenburg, Nebraska, and, during the night, she was intimate with him. On this evidence the appellant was entitled to a divorce and, under the provisions of section 42-318, R. S. 1943, the appellee should not be allowed alimony.

As to that part of the decree awarding the appellee custody of the son, Ralph Eugene, born February 28, 1943, and allowing the sum of $15 per month for his support, we think the trial court was justified. The record shows this child was injured at birth; that he has not completely recovered therefrom; that appellee, with the assistance of her mother, has given the child good care; and it is evident the child will, while in appellee's custody, continue to receive proper care and attention. Appellant should be given reasonable opportunities to visit the child. In view of giving the custody of the child to the mother we approve that part of the decree awarding her the household goods.

The decree of the trial court, insofar as it dismisses the appellant's petition and awards the appellee a divorce and alimony, is reversed with directions to the trial court to dismiss appellee's cross-petition and grant appellant a divorce on the grounds of adultery. The balance of the decree, which awards the custody of the minor child to the appellee, directs the appellant to pay $15 per month for the child's care, and awards the household goods to the appellee, is affirmed. The costs of this action, both here and in the trial court and including an attorney fee of $100 allowed appellee's counsel here, are taxed to appellant.

AFFIRMED IN PART,
REVERSED IN PART, WITH DIRECTIONS.