LLOYD M. EGBERT, APPELLEE, v. BEULAH L. EGBERT, APPELLANT.

30 N. W. 2d 669

Filed January 23, 1948.   No. 32266.

*Ginsburg & Ginsburg,* for appellant.

*Dryden & Jensen,* for appellee.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and KROGER, District Judge.

WENKE, J.

Lloyd M. Egbert, as plaintiff, brought this action in the district court for Buffalo County against Beulah L. Egbert, as defendant. The purpose of the action was to obtain an absolute divorce based on the ground that the defendant had been guilty of conduct which constituted extreme cruelty. From a decree awarding the plaintiff an absolute divorce, her motion for new trial having been overruled, the defendant has appealed.

For the purpose of clarity and convenience the parties will be referred to as they appeared in the trial court.

The first question presented by the appeal is that of jurisdiction. Section 42-301, R. S. 1943, provides in part: "A divorce from the bonds of matrimony may be decreed by the district court of the county where the parties, or one of them, reside, * * *." There is no question about the residence of the defendant. It is in Lancaster County. However, the defendant contends

that plaintiff, at the time he filed his petition on December 27, 1946, was likewise a resident of Lancaster County and not of Buffalo County.

In applying this provision of the foregoing statute we said, in Burns v. Burns, 145 Neb. 213, 15 N. W. 2d 753, that: "* * * residence in a community is determined by the intention of the parties." More recently, in Pierson v. Jensen, 148 Neb. 849, 29 N. W. 2d 625, we said: "Whether change of legal residence is effected by removal from one place to another depends on the intention of the party."

The record discloses that in January 1946 the Egbert family moved to Lincoln and there established their home. The family, in addition to the plaintiff and defendant, includes two children, a girl and a boy about fifteen and fourteen years of age. About the middle of May 1946, the plaintiff left the home. First he lived for a few days in a hotel. Then he rented a room in a private home in Lincoln. He has continued to rent this room ever since. He keeps some of his personal effects in this room and occupies it whenever he is in Lincoln. At about the same time that he rented this room he took part of his personal effects to the home of his parents in Kearney. This city is in Buffalo County. He particularly took personal effects which he used only on occasion but also took some of his wearing apparel. His folks live in Kearney and rent an apartment there which they occupy as their home. It is to this apartment that he took his personal property and where he returns whenever he comes to Kearney. He testified that thereafter he intended to make Kearney his residence. There is some evidence that he communicated this information to others. He thereafter returned to Kearney whenever possible, spending his vacation there in November 1946. He helps his folks by paying for staying with them. As further evidence of his intention to make Kearney his residence he registered there as a voter on December 26, 1946, and also opened a bank account there on that day. While

no single act can be said to conclusively establish his change of residence, however, applying the foregoing rules to all of the evidence in the record we come to the conclusion that plaintiff had established his residence in Buffalo County at the time he commenced his suit. See Burns v. Burns, *supra.*

Was the trial court right in granting the plaintiff a divorce? This matter is here for trial de novo. However, when applicable, we apply the rule that: "When the evidence on material questions of fact is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite." Brown v. Brown, 146 Neb. 908, 22 N. W. 2d 148.

In Meredith v. Meredith, 148 Neb. 845, 29 N. W. 2d 643, we approved the following from Ellison v. Ellison, 65 Neb. 412, 91 N. W. 403: "Any unjustifiable conduct on the part of either the husband or wife, which so grievously wounds the mental feelings of the other, or so utterly destroys the peace of mind of the other, as to seriously impair the bodily health and endanger the life of the other, or such as utterly destroys the legitimate ends and objects of matrimony, constitutes 'extreme cruelty' as defined in section 7, chapter 25, Compiled Statutes (now sec. 42-302, R. S. 1943), * * *."

Section 42-304, R. S. 1943, provides: "No divorce shall be decreed in any case when it shall appear that * * * the party complaining shall be guilty of the same * * * misconduct charged against the respondent."

The plaintiff charged, and the trial court found, that the defendant was guilty of extreme cruelty. It based its decree of divorce thereon. We have already set out what may constitute extreme cruelty under the provisions of our statute. For the purpose of considering this issue we shall assume, but not decide, that the record will sustain a finding that the defendant was

guilty of conduct constituting extreme cruelty.

In applying the foregoing statute we have said in Wilson v. Wilson, 89 Neb. 749, 132 N. W. 401, that: " 'Upon an application for a divorce, where both parties are found guilty of any of the enumerated offenses for which a divorce may be granted, the court should dismiss the bill.' Nagel v. Nagel, 12 Mo. 53." And in Peyton v. Peyton, 97 Neb. 663, 151 N. W. 150, we said: "A court of equity will not grant a divorce to one whose conduct has been such as to furnish sufficient grounds for divorce, even if the conduct of the other party has been grossly more culpable." See, also, Studley v. Studley, 129 Neb. 784, 263 N. W. 139.

The evidence discloses that commencing in October 1945, while they were still living in North Platte, the parties commenced having arguments and quarrels. These quarrels became more frequent and violent after they moved to Lincoln in January 1946. As a result thereof the plaintiff left his home sometime about the middle of May 1946.

The evidence establishes that the plaintiff was not without fault in creating the causes from which the arguments usually started. They were occasionally about his drinking but usually resulted from his activities in connection with a lady employee in the district office of his employer. Plaintiff's conduct in regard to the latter was not such as to foster the legitimate ends and objects of matrimony.

After such quarrels started the plaintiff was an active participant therein, using rough, profane, and abusive language. The evidence shows that on two occasions these quarrels resulted in physical violence. In April 1946, when a quarrel took place in their apartment and while the family was present, the plaintiff slapped the defendant and caused a black and blue spot to develop on her face. Again in June 1946, while riding in the plaintiff's car, he hit her several different times and caused a discoloration of her face.

This furnishes a sufficient statement of plaintiff's conduct to decide this issue. To further detail the facts would serve no useful purpose. From all the evidence in the record we find that the plaintiff was guilty of such conduct that he is not entitled to a divorce and his prayer for a divorce should have been denied and his action dismissed.

This action was commenced on December 27, 1946, and summons served on the defendant on December 31, 1946. Thereafter, on January 3, 1947, the defendant commenced an action against the plaintiff in the district court for Lancaster County. The nature of this action was one for separate maintenance. After defendant commenced this latter action the plaintiff made application to and obtained from the district court for Buffalo County an order temporarily restraining the defendant from proceeding further therewith. Upon trial of the cause the court decreed: "* * * that the defendant is permanently enjoined and restrained from proceeding further in an action now pending in the District Court of Lancaster County entitled: 'Beulah L. Egbert vs Lloyd M. Egbert', the object and prayer of said action being to secure on behalf of Beulah L. Egbert a divorce from bed and board of Lloyd M. Egbert; * * *." With the determination that the plaintiff is not entitled to relief and that his action should be dismissed it necessarily follows, as a matter of fact, that he is not entitled to the injunctive relief which was granted. It is therefore ordered that all injunctive relief granted by the trial court be dissolved.

With the finding that the plaintiff is not entitled to a divorce and that his action should be dismissed, it follows that all provisions as to permanent alimony must be vacated and set aside. With the defendant's action pending in Lancaster County, and she having actual custody of the children, we find that under these circumstances the court's order as to custody and support of the children should be vacated and set aside.

The trial court taxed the costs of the action to the plaintiff but did not allow the defendant anything for expenses, including attorney fees. Section 42-308, R. S. 1943, provides: "In every suit brought * * * for a divorce * * *, the court may, in its discretion, require the husband to pay any sum necessary to enable the wife to * * * defend the suit during its pendency; * * *."

The defendant is a resident of Lancaster County and was required to defend this action in Buffalo County; she took some depositions in preparing for trial; she had substantial expenses in connection with the foregoing; and, in addition thereto, she was required to employ counsel to represent her both in the trial and on appeal. The defendant should be allowed a reasonable amount to cover these items. We therefore allow her the sum of $400 for this purpose and direct that the same be taxed as costs.

The decree of the trial court is therefore reversed and the cause is remanded with directions to enter a decree dissolving all injunctive relief that has been granted, dismissing the plaintiff's action, and taxing all costs to plaintiff, including the allowance made by this court.

REVERSED AND REMANDED
WITH DIRECTIONS.

KROGER, District Judge, dissents.