GILBERT J. NICKERSON, APPELLEE, v. ELLEN LOUISE NICKERSON, APPELLANT.

42 N. W. 2d 861

Filed June 8, 1950. No. 32788.

*Fitzgerald, Tesar & Welch,* and *H. G. Wellensiek,* for appellant.

*Gross, Welch, Vinardi & Kauffman,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is a divorce action commenced in the district court for Douglas County by Gilbert J. Nickerson against Ellen Louise Nickerson. The court granted defendant a divorce on her cross-petition and awarded her permanent alimony. She filed a motion for new trial and from the overruling thereof appealed. Plaintiff has cross-appealed.

We shall refer herein to the parties as they appeared in the original action.

By her appeal defendant questions the adequacy of the alimony awarded her and also claims the court abused its discretion in taxing her with her own attorney fees and costs. By his cross-appeal plaintiff questions the correctness of the trial court's granting defendant a divorce on her cross-petition, contending that it should have been granted to him.

An appeal lodged in this court from a decree rendered in a divorce action brings the case here for trial de novo. § 25-1925, R. R. S. 1943; Westphalen v. Westphalen, 115 Neb. 217, 212 N. W. 429; Eicher v. Eicher, 148 Neb. 173, 26 N. W. 2d 808; Peterson v. Peterson, *ante* p. 571, 41 N. W. 2d 847.

The evidence in the record establishes that the plaintiff was guilty of such conduct toward the defendant as constitutes extreme cruelty within the intent and meaning of our statute. To relate the facts in this opinion which constitute such conduct would serve no useful purpose. We are satisfied that the decree granting defendant a divorce on her cross-petition should be affirmed.

The trial court awarded defendant alimony, referred to in the decree as a property settlement, in the sum of $7,000. She was also given a 30-day option to take the furniture, fixtures, and supplies in the home of the parties in lieu of $2,000 thereof. That is, either take $7,000 or $5,000 and the furniture, fixtures, and supplies in the home, except such items as are strictly personal to the plaintiff.

In determining the question of alimony or division of property as between the parties the court, in exercising its sound discretion, will consider the respective ages of the parties to the marriage; their earning ability; the duration of and the conduct of each during the marriage; their station in life, including the social standing, comforts, and luxuries of life which the wife would probably have enjoyed; the circumstances and necessities of each; their health and physical condition; and

their financial circumstances as shown by the property they owned at the time of the divorce, its value at that time, its income-producing capacity if any, whether accumulated or acquired before or after the marriage, the manner in which it was acquired, and the contributions each has made thereto and, from all the relevant facts and circumstances relating thereto, determine the rights of the parties and make an award that is equitable and just. Swolec v. Swolec, 122 Neb. 837, 241 N. W. 771; Martin v. Martin, 145 Neb. 655, 17 N. W. 2d 625; Stefan v. Stefan, *ante* p. 23, 39 N. W. 2d 918; Holmes v. Holmes, *ante* p. 556, 41 N. W. 2d 919; Peterson v. Peterson, *supra*.

Prior to their marriage the plaintiff and defendant lived in Nebraska, she with her folks in Shelton and he with his folks in Omaha. They were married on January 24, 1942, at San Luis Obispo, California, he being in the armed forces at the time and stationed there. They lived there until he left the states, which was about three months after their marriage. She then returned to Shelton and lived with her folks. While at home she worked as secretary for her father in the bank of which he was in charge.

Plaintiff returned from the service in the fore part of October 1945. About the time of his return his father bought and gave him a residence property located at 1202 South 52d Street in Omaha. While plaintiff was in the service defendant received his allotment from the government. These monthly allotment payments she saved and they totaled $2,064.37. She also saved $1,246.68 from her salary while working in the bank. With these funds, and with gifts from both his and her parents, they furnished the home which his father had given him and started housekeeping therein in the latter part of November or the first part of December 1945.

The evidence shows he is a fine young man with good habits and willing to work. At the time of the trial he was working for Byron-Reed Company of Omaha at a salary of $275 a month. It also shows that she was a

fine young woman and an excellent housekeeper. However, he suddenly decided to leave her and advised her of that fact and then left. At her request and solicitation there was an attempted reconciliation. It was of very short duration. He again left and this action followed immediately. It was commenced on March 3, 1949.

Since he left and instituted this action defendant has continued to occupy the home. During the pendency of this action plaintiff has been paying her $100 a month for her support. There are no children as the result of the marriage. Defendant is a well-educated young woman with past secretarial experience but has not worked in that capacity since they took up housekeeping in the latter part of 1945. Both are comparatively young people. At the time of the trial in July 1949 plaintiff was 30 years of age and defendant 27. Both are in good health although affected somewhat by the occasion of their difficulties.

At the time of the trial the property of the parties consisted of the home, given plaintiff by his father, which the evidence shows was reasonably worth $10,000; the furniture and furnishings in the home, the source of which has already been stated, which both parties agree was reasonably worth $1,500; equities in land contracts and mortgages in the sum of $10,680.78, about half the purchase price of which was furnished by plaintiff and half by plaintiff's father; 12 shares of stock in the Byron-Reed Company reasonably worth $1,800, the accumulation by stock dividend of three shares given them as a wedding present by a friend; bonds in the sum of $500; and cash in the sum of $90.83.

From all of these relevant facts and circumstances we find $7,000 to be a just and equitable award of permanent alimony. We also find that it is desirable to give defendant an option to take the furniture, fixtures, and supplies in the home at a fixed figure. However, we think that figure should be what both parties agree is the value thereof, that is, $1,500.

The court directed defendant to pay her attorneys the sum of $500 and that each party was to pay his or her own costs. There is no authority for a court, in a divorce action, to fix the amount of the attorney fees each party is to pay their respective attorneys. Section 42-308, R. S. 1943, does provide: "In every suit brought either for a divorce or for a separation, the court may, in its discretion, require the husband to pay any sum necessary to enable the wife to carry on or defend the suit during its pendency; and it may decree costs against either party, * * *."

"The fee allowed for the service of an attorney for a woman in a divorce action should be sufficient to adequately compensate for the service necessary to be performed." Specht v. Specht, 148 Neb. 325, 27 N. W. 2d 390.

We find the sum of $500 to be a reasonable and proper amount for attorneys' fee in the district court but that it should have been charged to the plaintiff along with all the other costs incurred in the district court. As to all costs in this court we find they should be charged to plaintiff, including a fee of $250 allowed defendant for services of her attorneys in this court.

We therefore modify the decree of the trial court accordingly. The cause is remanded to the district court with directions to enter its decree accordingly, that is, to change the amount defendant is to have deducted from her allowance of alimony in case she elects to take the furniture, fixtures, and supplies in the home from $2,000 to $1,500, thus leaving a balance of $5,500, and to charge to the plaintiff the attorneys' fee of $500, allowed defendant in that court, together with all the costs incurred therein. The decree, when so modified, is affirmed.

AFFIRMED AS MODIFIED.