GALE MALONE, APPELLANT, V. LUCILLE MALONE, APPELLEE.

80 N. W. 2d 294

Filed January 11, 1957.    No. 34058.

*Charles M. Bosley* and *Robert C. Bosley,* for appellant.

*Stevens & Scott,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Hayes County. It involves a divorce proceeding in which Gale Malone, plaintiff below, appealed to this court from a decree granting him an absolute divorce from Lucille Malone on the grounds of extreme cruelty.

Questions raised by appellant on appeal relate to the trial court's division of the parties' property and the amount allowed for attorney fees. Trial was had on April 16, 1956, and, unless otherwise specified, the facts referred to relate to the conditions as they existed at that time.

We have examined the record and find it sufficient to support the grounds on which the divorce was granted.

Appellant and appellee were married on Easter Sunday in 1936 at Cambridge, Nebraska. Seven children were born to this marriage, one dying in infancy. The living are Evelyn L., a daughter, born December 26, 1936; Alta Mae, a daughter, born January 11, 1939; Gary D., a son, born May 31, 1942; Connie J., a daughter, born July 19, 1945; Bonnie J., a daughter, born January 10, 1947; and Nancy G., a daughter, born July 17, 1949. Evelyn is teaching school and no longer lives at home.

Appellant was born and raised on a farm. He is 44

years of age. He had engaged in farming and ranching operations for some 7 years prior to his marriage. As a result he had acquired horses, other livestock, and machinery worth about $5,000 which, at the time of his marriage to appellee, he owned free of debt. During the first 8 years of their married life the parties lived on a farm near Oxford, Nebraska. In the spring of 1944 they moved onto a 2,800-acre ranch, which they had purchased, that is located northwest of Palisade in Hayes County. It consists of 2,680 acres of deeded land and a lease on 120 acres of state school land. They have made their home on this ranch ever since, improving it in many ways, including sprinkler irrigation. At present it is a well-improved ranch, especially the home. The latter is modern in every respect. We shall refer to this ranch as the home ranch.

Appellant appears to have been and is a very successful farm-ranch operator, although such operations have not been very profitable for the last 3 years because of poor crops and declining livestock prices. In addition to the home ranch the parties purchased a 320-acre tract, consisting almost entirely of farm land, and a 753-acre tract, consisting mostly of ranch land. Both of these are being used in connection with the home-ranch operations. The parties have accumulated property, both real and personal, having a net valuation somewhat in excess of $100,000. They owe a total of about $54,500. These obligations include a $15,000 mortgage on the 320-acre tract, a $11,500 mortgage on the 753-acre tract, and a $19,400 chattel mortgage on the livestock and machinery. The balance of these obligations consist of open accounts.

The trial court gave the care, custody, and control of the children to appellee, granting appellant permission to visit them at reasonable times. Appellee, who is 38 years of age, appears to be a suitable person to have the care of these children. To provide for their care, the trial court ordered appellant to pay the sum

of $50 per month for each of said children until they respectively arrive at the age of 18 years, same to commence on May 1, 1956, that is, payments for the support of each child is to cease when the child reaches the age of 18. No objection is made by appellant to these payments and the record fully supports the trial court's granting appellee their care and custody. We do think, however, there should be some change made in relation to appellant's rights as they relate to the son. It appears the children all get along very well with the father and that the son likes to be out on the ranch with him. In view thereof, and his age, we think Gary should be given the privilege, if he cares to do so, to be with his father during summer vacations.

The trial court gave appellee the home ranch, which is clear and valued between $66,000 and $70,000; a Buick car worth about $1,900; and the household furniture and furnishings in the ranch home, which cost between $8,000 and $9,000, but directed her to pay appellant $12,000 at the rate of $1,000 per year commencing March 1, 1957. Appellant was given all other property, including livestock and machinery, but was required to pay all debts, including both real and personal taxes for 1955.

It is this division of the property of which complaint is made by appellant. We have often said the fixing of the amount of the alimony rests, in each case, upon the sound discretion of the court. Holmes v. Holmes, 152 Neb. 556, 41 N. W. 2d 919.

Even though the cross-petition of a wife is denied and an absolute divorce granted the husband, the wife may be granted reasonable alimony within the limitations of section 42-318, R. R. S. 1943. See Phillips v. Phillips, 135 Neb. 313, 281 N. W. 22.

The elements to be considered in a case of this character have often been announced by this court. As stated in Nickerson v. Nickerson, 152 Neb. 799, 42 N. W. 2d 861: "In determining the question of alimony

or division of property as between the parties the court, in exercising its sound discretion, will consider the respective ages of the parties to the marriage; their earning ability; the duration of and the conduct of each during the marriage; their station in life, including the social standing, comforts, and luxuries of life which the wife would probably have enjoyed; the circumstances and necessities of each; their health and physical condition; and their financial circumstances as shown by the property they owned at the time of the divorce, its value at that time, its income-producing capacity; if any, whether accumulated or acquired before or after the marriage, the manner in which it was acquired, and the contributions each has made thereto and, from all the relevant facts and circumstances relating thereto, determine the rights of the parties and make an award that is equitable and just." See, also, Specht v. Specht, 148 Neb. 325, 27 N. W. 2d 390; Martin v. Martin, 145 Neb. 655, 17 N. W. 2d 625.

The record shows both parties actively helped to run the home ranch while this property was being acquired and that it was accumulated through their joint efforts. We think the amount granted appellee is excessive and that the division made by the trial court is not very realistic, taking into consideration the future payments necessary to support these children which we think is of primary importance. To give her an unstocked ranch would force her to either rent it to others, which is not desirable under all the circumstances shown, or go into debt to buy livestock and machinery with which to operate it with no assurance that she can successfully make it go. On the other hand it leaves appellant without sufficient land for a successful ranch operation and so badly in debt that it raises a serious doubt if even he can make it go, although the record shows he has been very successful in that field. We think it would be better to fix appellee's financial condition so that she can devote her time to raising the children, the

record showing she is doing a good job of that, and leave appellant to operate the home ranch and, out of the proceeds thereof, provide for appellee and the children.

We order the child support allowance of $50 per month for each child, until such child reaches the age of 18 years, be left in full force and effect from May 1, 1956. All other provisions relating to the parties' property are set aside. We order, in lieu thereof, as follows: That appellant place on deposit with the clerk of the district court of Hayes County the sum of $10,000 to be used by appellee for the purpose of buying and furnishing a home for herself and the children, she to select the location thereof, but she is not to sell or encumber such property while it is being used as a home for the children. However, on the date the youngest of the children becomes 18 years of age it is to become hers absolutely. In order to assist her in furnishing this home she is to have as much of the furniture now in the house on the ranch, which she is presently occupying, as is necessary for that purpose but she is not to take any of the furnishings therefrom such as carpeting, linoleum, shades, drapes, and built-in utilities. The latter would include such items as electric stoves, washers, dryers, etc. After the money for this purpose has been deposited in the bank appellee shall have 45 days thereafter in which to buy and furnish a home and may stay in the ranch house during that period of time if she so desires. Appellee is also to have the Buick car and, in addition thereto, alimony in the sum of $28,000, payable on the first of each month as follows: From and including May 1, 1956, to and including January 1, 1957, $100 per month; from and including February 1, 1957, to and including May 1, 1960, $150 per month; from and including June 1, 1960, to and including July 1, 1963, $200 per month; from and including August 1, 1963, to and including January 1, 1965, $250 per month; and from and including February 1, 1965, to and including July 1, 1967, $300 per month.

None of the payments are to draw interest until in default and all child support and alimony payments are to be made by appellant to the clerk of the district court of Hayes County for the benefit of appellee. This arrangement will give appellee $350 a month until the youngest child has reached the age of 18 years.

It appears that a gas and oil lease has been placed on the land owned by the parties and there is a possibility that royalties may be received from that source. If any gas or oil royalties are received by appellant during the period, up to and including July 31, 1967, he shall pay to appellee 25 percent of all amounts received from that source during that period.

As to appellant he is to retain all of the property owned by the parties, except that herein specifically given appellee; deposit the $10,000 with the clerk of the district court for appellee's benefit; pay all debts; and make the payments of child support and alimony herein provided.

The trial court allowed an attorney's fee of $2,000. Appellant complains of this as being an excessive allowance. We have said: "The fee allowed for the service of an attorney for a woman in a divorce action should be sufficient to adequately compensate for the service necessary to be performed." Nickerson v. Nickerson, *supra.*

We think, considering all matters involved, particularly the duration of the trial and the issues involved, that the amount allowed is somewhat excessive. We will not set it aside, however, but will not allow any additional fees here, thus finding the amount allowed to be adequate for service in both this and the trial court.

In view of what we have said we affirm the decree insofar as it grants appellant an absolute divorce, awards the care and custody of the minor children to appellee, directs appellant to pay for their care and the amount fixed for that purpose, and allows appellee an attorney fee of $2,000. We set aside and vacate the

decree insofar as it relates to alimony and to the division of the parties' property with directions to the trial court to enter a decree in relation thereto in accordance with what is specifically set forth herein. We also direct the trial court to modify its decree so as to provide that the son, Gary, may stay with his father on the ranch during the summer months, if he so desires. Costs, including attorney fees herein approved, are taxed to appellant.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.