MILDRED DWINNELL, APPELLANT AND CROSS-APPELLEE, V. ALBERT DWINNELL, APPELLEE AND CROSS-APPELLANT.
86 N. W. 2d 579

Filed December 13, 1957. No. 34222.

*Matthews, Kelley & Stone* and *Martin A. Cannon,* for appellant.

*Arthur O. Auserod* and *Davis & Vogeltanz,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff, Mildred Dwinnell, brought suit for divorce against the defendant, Albert Dwinnell. The trial court granted a divorce to the plaintiff and awarded alimony to the wife. The custody of the six minor children was given to the husband. The plaintiff appeals, asserting that the allowance of alimony was insufficient, that the custody of the minor children should have been given to the plaintiff, and that the allowance of attorney's fees to plaintiff's attorney was grossly inadequate. The defendant has cross-appealed, asserting that the divorce should have been granted to the defendant and that the trial court should have appointed a trustee to conserve the money paid to the plaintiff as alimony.

The record shows that the plaintiff and defendant were married on September 4, 1932. Nine children were

born to the marriage. Six of the children were minors living at home when the action for divorce was commenced. They are Shirley, Alice, Thelma, Roy, Betty, and Ronnie, ages 17, 16, 14, 12, 11, and 4 years, respectively. The plaintiff was 44 and the defendant 58 years of age. They lived on a ranch approximately 9 miles from Bartlett, Nebraska, for about 20 years prior to the commencement of this action.

We do not deem it necessary to relate all of the domestic troubles of the parties to this suit. An examination of the record reveals a series of arguments resulting in physical violence over many years. The arguments generally were commenced by the wife, whose complaints were directed at the refusal of the husband to permit the purchase of adequate food, clothing, and other things within the financial means of the parties. The evidence shows that the defendant was more than frugal, he was penurious to the extent of justifying complaint by the wife. The evidence shows further that the wife developed a bad temper and quite often resorted to physical violence. She repeatedly threw dishes and other objects at the husband, and struck and kicked him as well. In resisting the attacks of the wife the husband resorted on occasion to excessive force. The wife several times showed bruises and black marks on her person, and on two occasions sustained broken fingers while engaged in physical encounters with her husband. The evidence pertaining to the arguments and the physical injuries was adequately corroborated by the record. The evidence was sufficient to sustain the petition of the plaintiff for a divorce. In disposing of this phase of the case we follow the rule announced in Hodges v. Hodges, 154 Neb. 178, 47 N. W. 2d 361, wherein we said: "In an action for divorce if the evidence is principally oral and is in irreconcilable conflict, and the determination of the issues depends upon the reliability of the respective witnesses, the conclusion of the trial court as to such reliability will be carefully re-

garded by this court on review." Even though this court considers the case de novo on appeal, when questions of veracity and reliability must be determined from irreconcilable testimony, the fact that the trial court had the opportunity to hear the witnesses and to observe their conduct and demeanor while testifying, and came to one conclusion rather than another, in order to arrive at a conclusion based on the evidence, the findings of the trial court with reference thereto must be given consideration. Hodges v. Hodges, *supra.*

The plaintiff complains of the failure of the trial court to grant the custody of the minor children to her. The rules of law as to the awarding of the custody of minor children are definite and clear. Such rules are: In awarding the custody of a minor child in a divorce action, the primary concern of the court in its sound discretion is the best interest and welfare of the child, having due regard for the rights of fit, proper, and suitable parents. Children of tender years are usually awarded to the mother unless it is shown that she is unsuitable or unfit to have such custody. Smallcomb v. Smallcomb, *ante* p. 191, 84 N. W. 2d 217.

With reference to the fitness and suitability of the mother to have the care and custody of the six minor children in the present case, the evidence discloses that she developed an uncontrollable temper, not only toward the father but the children as well. On occasion she threw objects at the children. There is evidence that the older children occasionally had to physically hold their mother to prevent her from doing physical harm to themselves and the other children. She developed a nervousness and emotionalism that required medical treatment. She was taken to Dr. Chester H. Farrell, a neuropsychiatrist, who testified that she was suffering from a form of mental disturbance that bordered on a scizophrenic illness of a paranoid type. It is apparent from the evidence that her home environment subjected her to periods when she was flighty, emotional,

irritable, and ill. The evidence shows that at times she became subject to such a condition in the presence of the children in the absence of the father. During such times she appeared to lose her self-control. At one time she stabbed the defendant in the face with a table fork with such force that it penetrated his nose. On another occasion she threw a fruit jar in defendant's face with such force that it required several stitches to close the wound. On another occasion she kicked the defendant in the back with such force that he was hospitalized for several days. There is evidence in the record that she said she did not care whether or not she gained the custody of the children, so long as they were not given to the defendant. The three oldest children, who have reached their majority, testified that the best interests of the children required that they remain in the custody of the father and that the mother was not qualified to have their custody. Two of the next three children testified that they desired to remain with the father, one of the three not being interrogated on that point. The trial court privately interviewed the next two children, Roy, age 12, and Betty, age 11, and each expressed a strong desire to remain with the father. There is evidence in the record that, during all of the domestic difficulties here related, the father showed affection for the children and protected their best interests. The trial court found that the mother was not a fit and suitable person to have the care and custody of the children for the reasons herein stated and awarded their custody to the father. The evidence sustains the action of the trial court. The order placing the minor children in the care and custody of their father is affirmed.

Plaintiff contends on this appeal that the real estate owned by the defendant was undervalued and that the award of alimony in the amount of $30,000 was inadequate. The value of certain property is not in dispute. The following items are in this category: Government bonds $33,379, cattle $16,367, machinery $850, and other

equipment $650. The total value of the foregoing is $51,246.

The value of the land is in dispute. The evidence shows that defendant owned 2,960 acres of ranch land. It was in five separate tracts of 640, 160, 80, 160, and 1,920 acres. The evidence of value varies from $30 per acre to $12 per acre. The trial court found the value of the real estate and the value of the undisputed items to be $100,000. The latter valuation takes into consideration the debts of the defendant in the amount of $3,885.08, unpaid taxes in the amount of $689.24, and the fact that the defendant owned at the time of his marriage 80 acres of land, a number of tax deeds, and certain stock, farm machinery, and equipment. We think a net valuation of defendant's property for the purposes of this suit is $100,000, as the trial court found. The plaintiff worked hard in assisting in the accumulation of this property, as the evidence amply shows.

The trial court awarded plaintiff alimony in the gross amount of $30,000. The rule for fixing the amount of alimony is set forth in Malone v. Malone, 163 Neb. 517, 80 N. W. 2d 294. Applying the rule therein announced, we do not think the award of alimony, under the circumstances of the present case, should be less than one third of the value of the property accumulated during the period of the marriage relation. We therefore modfy the award of alimony by increasing it to $33,350 payable as follows: $10,000 within 30 days after the mandate of this court is issued, and the balance to be paid $2,500 on January 1, 1958, and $2,500 on January 1 of each succeeding year until the full amount is paid. No interest is to be paid except on payments which become delinquent under the terms of the decree so entered.

Plaintiff complains of the inadequacy of the allowance for her attorney as fixed by the district court. The attorney's fee was fixed at $1,500 in addition to a $300 allowance for expenses. There is no evidence in the record as to the value of the services rendered by plain-

tiff's attorney. We necessarily apply the rule announced in Specht v. Specht, 148 Neb. 325, 27 N. W. 2d 390. In that case we in effect said that where there is no direct evidence of the value of the services of the attorney in this type of case, other than the record of the proceedings, the trial court ordinarily has a better opportunity of appraising the value of the attorney's services, and this court will interfere only to correct a patent injustice resulting from an allowance which is clearly excessive or insufficient. We think the allowance for attorney's fees is in line substantially with the previous holdings of this court. Yost v. Yost, 143 Neb. 80, 8 N. W. 2d 686; Malone v. Malone, *supra*. We find no reason to interfere with the trial court's allowance for the services of plaintiff's attorney.

By cross-appeal the defendant complains of the granting of the divorce to the plaintiff instead of to him. What we have already said in this opinion on that subject disposes of this point contrary to defendant's contention.

Defendant also complains by cross-appeal of the failure of the trial court to appoint a trustee to handle the money to be paid to the plaintiff. The trial court evidently did not deem such action necessary under the record, as no disposition of the issue was made. We find no error in its failure to appoint a trustee, particularly in view of the fact that legal avenues are open for the appointment of a guardian or conservator in the proper forum if such action is warranted.

The costs of the appeal are taxed to the defendant, including an attorney's fee of $750 for services rendered the plaintiff in this court. As modified, the decree of the district court is affirmed.

MODIFIED AND AFFIRMED.