MOLLIE KRAMER, APPELLANT AND CROSS-APPELLEE, v. PETER KRAMER, JR., APPELLEE AND CROSS-APPELLANT.

105 N. W. 2d 741

Filed November 4, 1960. No. 34828.

*Lyman & Winner,* for appellant.

*Wright & Simmons,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff, Mollie Kramer, brought suit for divorce against the defendant, Peter Kramer, Jr., on the ground of cruelty. Defendant denied generally and cross-petitioned for a divorce on the ground of cruelty. The trial court granted a divorce to the plaintiff and awarded alimony to her. The plaintiff contends the alimony granted is inadequate under the evidence. The defendant asserts that the divorce should have been granted to him and that the amount of the alimony granted is excessive.

Plaintiff and defendant were married on February 1, 1927. Five children were born to the marriage, all of whom have reached their majority. The plaintiff was 52 and the defendant 59 years of age at the time this suit was commenced. There is evidence in the record, adequately corroborated, of cruelty on the part of the defendant toward the plaintiff. The decree of divorce is sustained by the evidence which we do not deem necessary to recite since the major issue raised by the appeal and cross-appeal is the correctness of the award of alimony.

The evidence shows that the parties worked hard for several years after their marriage and accumulated very little property until the early 1940's. The parties became the owners of three 80-acre tracts of land in Scotts Bluff County which are particularly described in the pleadings. The first 80-acre tract was acquired in 1948 at a cost of $22,000. It is referred to in the record as the Gering farm. Defendant gave its value as $35,000 to $38,000. A real estate agent fixed its value at $28,000. It is subject to a mortgage lien of $2,676.01.

The other two 80-acre tracts were purchased in 1953 and 1957 for $22,000 and $17,500 respectively, and were subject to mortgage liens in the amounts of $4,950 and $8,100. The defendant fixed the value of the two 80-acre tracts at $40,000. The real estate agent fixed their value at $46,000. These two 80-acre tracts adjoin and are referred to as the Scottsbluff farm. The value of the trucks, tractors, and farm machinery was appraised at $10,057, including a 1955 Buick automobile valued at $700. The value of feed on hand was appraised at $453.44. The value of cattle on feed was appraised at $13,935. The value of crops raised and not sold was fixed at $2,505, exclusive of the bean crop. Household goods were estimated to have a $300 to $500 value. There is evidence that the parties had commercial fertilizer valued at $979.40. They also possessed checks worth $88.34, $1,359.68, $358.34, and two for $82 each. They also had two tractor tires and a tube valued at $264 and 9 shares of co-op stock the value of which was not shown. The defendant testified that he had an indebtedness of $5,000 to a local bank, $750 to an implement company, and $935.85 for income taxes due and unpaid. From this it is evident that the value of all the property of the parties varied from $86,500 to $92,500, approximately, depending on the evidence accepted as credible.

It is the contention of the plaintiff that she is entitled to receive 50 per cent of all the property as alimony since it was all accumulated by the joint efforts of the parties and the title to the real estate was held by them in joint tenancy.

The trial court awarded the 80-acre Gering farm to the plaintiff subject to the mortgage lien thereon, and the Scottsbluff farm to the defendant subject to the mortgage liens thereon. The plaintiff was awarded the household furniture, the family car, and $10,000 payable $1,000 forthwith and $1,500 annually until paid. The costs were taxed to the defendant, including an

attorney's fee of $1,000. All other property was awarded the defendant subject to any indebtedness against it. The value of the property awarded the plaintiff is $36,-323.99. In arriving at this figure the household goods are valued at the $300 minimum testified to, and the Gering farm is valued at $28,000 rather than the $35,000 to $38,000 value testified to by the defendant. The $1,000 allowed as an attorney's fee is not included in the value of plaintiff's award.

The rule applicable in fixing the amount of alimony to be allowed in cases of this kind is stated in Malone v. Malone, 163 Neb. 517, 80 N. W. 2d 294, as follows: "In determining the question of alimony or division of property as between the parties the court, in exercising its sound discretion, will consider the respective ages of the parties to the marriage; their earning ability; the duration of and the conduct of each during the marriage; their station in life, including the social standing, comforts, and luxuries of life which the wife would probably have enjoyed; the circumstances and necessities of each; their health and physical condition; and their financial circumstances as shown by the property they owned at the time of the divorce, its value at that time, its income-producing capacity, if any, whether accumulated or acquired before or after the marriage, the manner in which it was acquired, and the contributions each has made thereto and, from all the relevant facts and circumstances relating thereto, determine the rights of the parties and make an award that is equitable and just."

We point out that this rule provides no mathematical formula by which an alimony award can be exactly determined. Generally speaking, awards of this court in cases of this kind vary from one-third to one-half of the value of the property, depending on the facts and circumstances of the particular case. In the instant case the defendant was given more than one-half of the property but he is charged with the payment of most of the indebtedness and with the payment of $10,000 to the

plaintiff. On the other hand, the property awarded the plaintiff is free from indebtedness except the mortgage lien on the Gering farm in the amount of $2,676.01. Defendant is also charged with the payment of the costs, including attorney's fee of $1,000. We are of the opinion that the decree of the trial court entered on February 25, 1960, is fair and equitable under the evidence in the record before us.

The decree as entered on February 25, 1960, is affirmed. This means that plaintiff is entitled to the income from the Gering farm after that date. On the other hand, the amount of temporary alimony payments made after such date shall be credited as payments on the $10,000 award to the plaintiff.

AFFIRMED.