ELEONORE HARDING, APPELLEE, v. WENDELL W. HARDING, JR., APPELLANT.

117 N. W. 2d 800

Filed November 16, 1962. No. 35278.

Beynon, Hecht & Fahrnbruch, for appellant.

Wagener & Marx, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an appeal from an order of the separate juvenile court of Lancaster County denying a modification of a divorce decree as it relates to the custody and support of the children provided for in the decree.

The petition for divorce was filed by Eleonore Harding, whom we shall hereafter refer to as Nora. The defendant is Wendell W. Harding, Jr., whom we shall hereafter refer to as Del. Two minor children were involved in the litigation. Lucy, 8 years of age at the time of trial, was a daughter of Nora by a former marriage and was legally adopted by Del. Mark, 4 years of age at the time of trial, was the natural son of the parties. The divorce was granted on May 11, 1960, and by its terms the custody of the two children was granted to Nora. Del was required to pay support money for the children in the amount of $95 per month. Alimony was awarded in the amount of $2,500, payable $55 per month until paid. Nora was given the use of the family home until she remarried or abandoned it. At the time of the hearing on the petition to modify the decree Nora was living in the family home and Del had made all payments due under the terms of the decree.

On March 3, 1961, Del filed a petition for modification of the divorce decree praying that he be awarded the custody of the two children. Del alleged that during the time the children were in the custody of Nora they had become dirty and unkempt; that Nora had failed to re-

main in the home and care for the children although she had the means to do so; that she had left the home for periods of time without making adequate provision for the children during her absence; that Nora was guilty of indiscretions in the home that resulted in a bad environment; and that Nora failed to properly supervise and train the children. Del alleged that he had remarried; that he has a good home for the children; and that their best interests require that he have their custody. The allegations of fact in the petition for modification that tend to support it are denied generally by Nora. The trial court refused to modify the decree of divorce by changing the custody of the children and denied, also, the prayer of the cross-petition praying for an additional allowance for their support.

There is evidence in the record that the children were at times dirty and unkempt. There is evidence to the contrary to the effect that the children were generally clean and well cared for. There is some evidence that the children were not well supervised, particularly after the children returned from school or nursery, and before Nora returned home from work. There is evidence that the children on occasion left the home premises without their mother's knowledge and went to the home of their great-grandmother for whom they appear to have great affection. There is evidence that the children, particularly Mark, were difficult to handle on occasion, and that sometimes they got involved in difficulties not uncommon to children of tender years.

It is evident from the record that neither Nora nor Del lost any time in seeking the company of the opposite sex after the divorce was granted. This question is pertinent as to whether or not Nora is a fit and suitable person to retain the custody of the children and whether or not Del is a fit and suitable person to have such custody if Nora is found to be an unfit and unsuitable person to have their custody.

In this respect there is some evidence that Nora dated

a married man; that a single man remained overnight in her home on one occasion; and that she made occasional trips out of town with men friends. She denied any wrongdoing and explained the situations that tend to impugn her character. On the other hand, the evidence shows that Del was dating other women, particularly the one to whom he is presently married. Each of the parties is very critical of the other's conduct. The evidence reflects somewhat upon the character of each. We concur with the holding of the trial court that the evidence is insufficient to sustain a finding that either is an unfit or unsuitable person to have the custody of these children.

The evidence shows that both parents have great affection for these two children. The children appear to have a normal affection for each of their parents. The evidence is in conflict on the acts charged as misconduct by each against the other. We cannot overlook the fact that the trial court saw and heard the witnesses testify, while we have only the written record from which we can make our determination. On questions of fact that are in irreconcilable conflict the findings of the trial court furnish the only reasonable guide for us to follow. In proceedings to modify a decree of divorce we are required to try the case de novo on the record. Where the evidence is principally oral and in irreconcilable conflict, and the determination of the issues depends upon the reliability of the respective witnesses, the conclusion of the trial court as to such reliability will be carefully regarded by this court on review. Dwinnell v. Dwinnell, 165 Neb. 566, 86 N. W. 2d 579.

The children, Lucy and Mark, were 8 and 4 years of age at the time of trial. Lucy is the daughter of Nora by a former marriage who was formally adopted by Del. They are children of tender years whose interests are ordinarily best served by placing them in the custody of the natural mother, if she be a suitable and fit person. Ivins v. Ivins, 171 Neb. 838, 108 N. W. 2d 99.

The custody of children of tender years having been awarded to the natural mother, such custody will not ordinarily be disturbed unless it be shown that the mother is unfit to have their custody, or that their best interests require such action. Wakefield v. Wakefield, 157 Neb. 611, 61 N. W. 2d 208.

After a consideration of all the evidence, and the allowable effect of the trial court's findings on the facts that are in irreconcilable conflict, we conclude that the evidence does not sustain a finding that Nora was an unfit and unsuitable person to have the custody of the two children. We find no basis, also, for increasing the amount of child support fixed by the original decree of divorce. The trial court having come to these same conclusions, we affirm the judgment of the trial court. We allow appellee's counsel $250 for services rendered in this court, to be taxed as costs.

AFFIRMED.