ZELMA MARIE OVERTON, APPELLANT AND CROSS-APPELLEE,
v. IRA PARKER OVERTON, APPELLEE AND CROSS-APPELLANT.
133 N. W. 2d 7

Filed February 5, 1965.   No. 35815.

Healey, Healey & Goth, for appellant.

Max G. Towle, Perry & Perry, and Earl J. Witthoff, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SPENCER, J.

In this action, Zelma Marie Overton, plaintiff, filed a petition for divorce from Ira Parker Overton, defendant. Defendant filed an answer and cross-petition, seeking a divorce from the plaintiff. After a trial extending over three different days, a decree was entered awarding plaintiff a divorce and settling the property rights of the parties. Plaintiff prosecutes an appeal to this court on the inadequacy of the award of property. Defendant prosecutes a cross-appeal, attacking the order for temporary support pending appeal.

The parties, who were married in 1925, have one child who is of legal age. They have been residents of Lincoln, Nebraska, except for short periods, since 1925 but continuously since early in the 1940's. The parties do not question the granting of an absolute divorce, and from the record it is evident that there is no possibility of a reconciliation. It will serve no useful purpose to describe the many incidents of their tumultuous marriage. While the corroboration herein is extremely thin and some of the uncorroborated testimony of the plaintiff tests credulity, and even if true has long since been condoned, we find there is sufficient evidence to sustain a decree awarding an absolute divorce. While the plaintiff was not without fault, we affirm the action of the trial court in awarding her the divorce.

Since their marriage, the parties have accumulated real and personal property consisting of a residence at 1121 Sumner Street, hereinafter referred to as Sumner property; a residence at 810 West Stockwell Street, hereinafter referred to as Stockwell property; and a commercial building at 616 South Street, hereinafter referred to as commercial building, all in Lincoln, Nebraska; some cemetery lots; motor vehicles; household goods; furniture; and furnishings.

Plaintiff worked as a saleslady during the early period of the marriage. Between 1944 and 1957 plaintiff helped on occasions in the sheet metal business of the parties as a bookkeeper or office assistant but received no salary. There can be little question the property accumulated by the parties is due to the joint efforts of both of them. It is also apparent that the defendant, with the help of his father and members of his family, is responsible for remodelling the Sumner property and building the other two properties owned by the parties.

There is a direct conflict in the medical evidence as to the plaintiff's physical condition. Her own doctor thought she was unable to work away from home. Defendant's doctor believed her to be as physically able to work as any woman 57 years of age. It is undisputed that the defendant has had one kidney removed. While there is no direct evidence on his exact age, an affidavit on file indicates defendant is past 60. At the time of the trial, defendant was employed by the Nebraska Neon Sign Company, earning between $600 and $700 per month. Subsequent to the trial, defendant filed an application to modify a temporary support order entered pending appeal, which required him to pay the plaintiff $125 per month to supplement the rental income of $106 from an apartment in the home she was occupying, which was also assigned to her. His application is supported by an affidavit that he was discharged by the Nebraska Neon Sign Company August 1, 1964, because of age, and that he has been unable to obtain other employment. The same contention was made on oral argument.

The Sumner property was purchased in 1943, but was completely remodeled either by or under the direction of the defendant. From an examination of an exhibit in evidence, it is a frame two-story house, with a cement drive leading to a double garage at the rear. It was plaintiff's testimony that the C. C. Kimball Real Estate Company had appraised the property 2 years before the trial at $10,500 to $11,000. Defendant testified

the appraisal was either for $13,000 or $13,500. No witness was called nor was any other evidence offered to verify the accuracy of either figure. This property has an apartment which with a garage stall rents for $106 per month. Plaintiff was living in the property at the time of the trial and was collecting the rent from the apartment. The decree sets this property off to her.

The Stockwell property, except for the framing and the pouring of some concrete, was built by the defendant with the help of his father and brother, upon an acre of ground purchased by the parties in 1954. It was built out of lumber and siding from the old gymnasium at Nebraska Wesleyan University. The property from an examination of an exhibit appears to be a two-story structure with a paved driveway leading to a double garage. The plaintiff testified the appraisal figure for this property was $18,000, and that approximately $3,000 additional was expended on it subsequent to the appraisal. The defendant testified that at the time of the trial the lower portion of the house was still unfinished, and that if he could get $16,000 for the house it would be a good price. The property at the time of the trial was subject to a $4,500 mortgage. This property was set off to the defendant.

The commercial building was built by the defendant and his father about 1945-1946 for the operation of a sheet metal business which was discontinued in 1957. Plaintiff testified the appraisal on this building was $15,000. The defendant testified if he could get $14,000 for it that would be tops. The trial court fixed the value of this property at $12,000 and gave the defendant the option of paying the plaintiff the sum of $6,000 within 90 days and taking the property, or to sell the property at public auction and to divide the proceeds equally with the plaintiff. The decree further provided that until defendant exercises one of the options, the rental income, which amounts to $135 per month, shall be divided equally between the parties.

The plaintiff was also awarded all of her personal belongings, and all the furniture and household goods at the Sumner property, which was the home of the parties until their separation, as well as a 1955 Buick automobile valued at $250. Included in the personal belongings was a diamond ring purchased for $500. Included in the furniture and household goods were furniture and drapes and other items purchased shortly before the separation of the parties, on which the defendant still owed $2,200. Plaintiff was also awarded the sum of $950 for the services of her attorney, and the defendant was directed to pay all debts of the parties, including the amounts enumerated above. The defendant, in addition to the real estate awarded to him, was given his personal belongings; a house trailer and contents, valued at $700; a 1954 G.M.C. pickup truck, valued at $500; the cemetery lots, valued at $800; and any equity in four insurance policies on his life, with a death value of $9,500 but on which there is no evidence of any nature in this record of their present value, if any.

Divorce cases are tried de novo on appeal to this court, subject to the rule that when credible evidence on material questions of fact is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the opposite. See Schlueter v. Schlueter, 158 Neb. 233, 62 N. W. 2d 871.

There is no exact mathematical formula by which property division or alimony can be determined. As a general rule in cases of this type, awards vary from one-third to one-half of the value of the property, depending upon the facts and circumstances of each particular case. See Kramer v. Kramer, 171 Neb. 128, 105 N. W. 2d 741.

Plaintiff, who was seeking all of the real property under some theory that it was accumulated mainly by her efforts, urges the recent decision of Loukota v. Lou-

kota, 177 Neb. 355, 128 N. W. 2d 809, as authority for her position. The decision in that case was based entirely upon the peculiar facts of that case, which are not analogous to those of the instant case.

Dependent upon whose figures are used, and considering the fact that the defendant must pay the debts of the parties, as well as costs and allowances for plaintiff's attorneys, the plaintiff herein received from approximately one-half to more than one-half of all of the net assets of the parties. In Schwarck v. Schwarck, 175 Neb. 560, 122 N. W. 2d 489, we enunciated in detail the proper rule to be followed in this case, which is as follows: "In determining the question of alimony or division of property as between the parties the court, in exercising its sound discretion, will consider the respective ages of the parties to the marriage; their earning ability; the duration of the marriage and the conduct of each during the marriage; their station in life, including the social standing, comforts, and luxuries of life which the wife would probably have enjoyed; the circumstances and necessities of each; their health and physical condition; and their financial circumstances as shown by the property they owned at the time of the divorce, its value at that time, its income-producing capacity, if any, whether accumulated or acquired before or after the marriage, the manner in which it was acquired, and the contributions each has made thereto, and, from all the relevant facts and circumstances relating thereto, determine the rights of the parties and make an award that is equitable and just."

Using this criterion, we do not agree with the plaintiff that the award to her is wholly inadequate. On the record in this case, we find that the district court has been eminently fair with her.

Defendant by cross-appeal contests the allowance of temporary support to the plaintiff pending appeal. Plaintiff gave notice of appeal April 6, 1964. Four days later, the trial court entered an order assigning to the plain-

tiff the use of the Sumner property and the rent therefrom pending appeal, and directed the defendant to pay the plaintiff an additional sum of $125 each month, starting April 15, 1964, and continuing to the entry of the mandate from this court. The defendant was assigned the use of the Stockwell property and the rent from the commercial building which at the time of trial was $135 per month.

The defendant argues that the district court was without jurisdiction to make temporary allowances pending an appeal to this court, and cites as authority for his position Schlueter v. Schlueter, 158 Neb. 233, 62 N. W. 2d 871, which holds such an order to be void.

The question of temporary support was involved in the case of Hall v. Hall, 176 Neb. 555, 126 N. W. 2d 839. While in that case support was denied, we did recognize the right of the trial court to process the application. In that case, we held the enforcement of nonsuperseded orders and judgments is in the trial court and not in this court except on review. We find that the district court had the authority to make the temporary allowances pending the appeal herein. Anything to the contrary in Schlueter v. Schlueter, *supra*, is expressly overruled.

We are not disposed to question the temporary allowances herein, although they are on the generous side. All things considered, for the reasons given above the decree of the trial court should be and hereby is affirmed. Plaintiff is allowed an additional amount of $200 to apply on the services of her attorney in this court.

AFFIRMED.