JAMES E. HEISER, APPELLEE, v. MILDRED L. HEISER, APPELLANT.

153 N. W. 2d 909

Filed November 3, 1967. No. 36595.

Charles A. Fisher and Charles F. Fisher, for appellant.

Holtorf, Hansen & Kortum and Leland K. Kovarik, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is a divorce proceeding in which the trial court

granted a divorce to the plaintiff husband; awarded custody of the minor children to the defendant wife; made a division of the property; and fixed the amount of child support and other allowances to the defendant. The defendant has appealed.

The assignments of error relate to the ruling on a special appearance of the defendant; the granting of the divorce; and the alleged inadequacy of the allowances which were made.

The plaintiff was residing in Scotts Bluff County, Nebraska, at the time the action was commenced, and the action was filed there. A summons directed to the sheriff of Dawes County, Nebraska, was served upon the defendant in Dawes County by the sheriff of Dawes County. The service was regular in every respect except that the certificate of the sheriff of Dawes County appearing on the reverse side of the copy of the summons, certifying that the copy served was a true copy of the original summons, read "County of Scotts Bluff." By inadvertence, the venue of the printed form of certificate was not changed to read "Dawes" instead of "Scotts Bluff."

The irregularity was of no consequence. The certificate is not required by statute. See § 25-503, R. R. S. 1943. The information appearing on the face of the copy of the summons was correct, and the defendant was not misled or prejudiced in any way. The special appearance was properly overruled. See, 72 C. J. S., Process, § 36, p. 1044; 42 Am. Jur., Process, § 19, p. 20.

The record shows that the parties were married in 1947. They have three adopted children. The plaintiff is a bricklayer earning approximately $5,000 per year. From this amount, certain expenses such as travel, tools, and clothing must be paid.

The petition alleged extreme cruelty. The plaintiff testified that there had been difficulty between the parties during the entire marriage. The plaintiff claims that the defendant threatened him with a gun on one

occasion and with a knife on two occasions. The gun incident was corroborated by the testimony of the oldest child, although his testimony tended to support the defendant's version as to what had happened. The plaintiff's testimony as to the other incidents was not corroborated.

The plaintiff claims that the gun incident happened in February or March 1965, and that the parties separated soon thereafter. There was evidence which tended to contradict this version of the facts, and the defendant claims that the parties had intercourse on a number of occasions after the gun incident. The plaintiff denied that there had been intercourse as claimed by the defendant.

The evidence is in sharp conflict as to what happened between the parties in this case. In such a situation this court will consider the fact that the trial court observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the opposite. Overton v. Overton, 178 Neb. 267, 133 N. W. 2d 7.

From our consideration of the record we conclude that the trial court reached the proper result and that the plaintiff should be granted a divorce from the defendant.

The trial court awarded the family residence in Chadron, Nebraska, all household furniture, a 1958 Oldsmobile automobile, and the common stock in the Chadron State Bank to the defendant. A 1965 Ford automobile, which is encumbered; and a bank account in the Gering National Bank were awarded to the plaintiff. Each party was allowed to retain his own personal property.

The plaintiff was ordered to pay $75 per month for the support of each of the two minor children until they became 21 years of age or are self-supporting. The costs of the action including an attorney's fee in the amount of $200 were taxed to the plaintiff.

We find no error in the division of the property or

the allowances which were made. The defendant is employed and earning approximately $370 per month.

The judgment of the district court is affirmed. The defendant is allowed the sum of $350 for the services of her attorney in this court. The costs of the appeal are taxed to the plaintiff.

AFFIRMED.