DONA HOHENSEE, APPELLANT, v. GWENDELL HOHENSEE, APPELLEE.

154 N. W. 2d 878

Filed December 22, 1967. No. 36620.

Wagener, Marx & Youngs and James M. Winter, for appellant.

Kier, Cobb & Luedtke, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.
Plaintiff wife has appealed from a decree awarding

defendant an absolute divorce and custody of three minor daughters. It is argued that she is entitled to an absolute divorce and custody.

At the trial the elder children, 15 and 13 years of age, expressed custodial preferences for defendant. The court found that both parents would be proper custodians and that the children should remain together. For the welfare of the children and in their best interest, the court concluded, custody should be given to defendant.

The plight of plaintiff is lamentable. We trace the cause of divorce, extreme cruelty, to a disorder of her personality. In September 1965 a psychiatrist diagnosed passive-aggressive personality characteristics and paranoid and schizoid personality tendencies. Her condition, however, required no institutional treatment. The psychiatrist testified in November 1966, that she was capable of caring for the children, but he did not testify to remission of the disorder. Nothing is to be gained from a description of her behavior. The judgment is correct, but we find her unfit to have custody of the children because of her personality disorder.

Plaintiff requests an allowance for legal services on appeal. Attorneys' fees in divorce proceedings will ordinarily be denied where no reasonable justification appears for the position taken by the party claiming them. Williams v. Williams, 168 Neb. 135, 95 N. W. 2d 205. In spite of our sympathy for plaintiff we think that the general rule applies, and the request is denied.

After the appeal had been taken the trial court ordered that: (1) Monthly payments on the judgment for permanent alimony be suspended pending our decision; (2) defendant pay on a mortgage indebtedness the monthly installments as temporary support; and (3) defendant deposit $480 out of which certain court costs of plaintiff were to be paid. See Overton v. Overton, 178 Neb. 267, 133 N. W. 2d 7. Defendant is entitled to credit such mortgage payments against his liability for permanent alimony. Costs on appeal are taxed against

him, but he is entitled to credit for items paid out of the deposit.

AFFIRMED.